IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONNIE DESHONE FREEMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0340 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On December 8, 2006, petitioner submitted to this Court a Petition for a Writ of Habeas Corpus

by a Person in State Custody challenging the result of a September 5, 2006 prison disciplinary

proceeding.  For the reasons set forth below, petitioner's habeas application should be DENIED.

### NO LOSS OF GOOD TIME CREDITS

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a

writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release and have

received a punishment sanction which included forfeiture of previously accrued good time credits. *See*

*Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  From petitioner's recitation of all the punishment

imposed, it appears petitioner did not lose any previously accrued good time credits.  Consequently,

petitioner is not entitled to federal habeas corpus relief.

### INELIGIBLE FOR MANDATORY SUPERVISION

Again, in order to challenge a prison disciplinary adjudication by way of a federal petition for a

writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and

have received a punishment sanction which included forfeiture of previously accrued good time credits.

*See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his application, petitioner acknowledges he is

not eligible for mandatory supervised release, but does not identify his underlying conviction.  Review of

the TDCJ-CID website Offender Information Detail reveals petitioner in respondent's custody pursuant

to a conviction for the felony offense of murder out of Lubbock County, Texas, and the resulting life

sentence.  As petitioner is not eligible for mandatory supervised release due to his conviction for murder

and resulting life sentence, he is not entitled to any federal habeas corpus relief.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner RONNIE DESHONE FREEMAN be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each

party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of December 2006.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event
a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11)

days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).